Sidney Squire, J.
This is a claim for the permanent appropriation of the claimant’s property by the State of New York for the Lake Ontario State Parkway.
Pursuant to section 676-a of the Conservation Law, the Genesee State Park Commission, a regional park commission of our State, with the approval of the State Conservation Com *154 missioner, acquired claimant’s property located in the Town of Hamlin, County of Monroe, State of New York, being “ all that tract or parcel of property being part of the north part of Great Lot 6, Section 3, Township 5 of the Triangular Tract, Town of Hamlin, County of Monroe, State of New York, as shown on a map entitled ‘ Acquisition map, Lake Ontario State Parkway, County of Monroe, State of New York, proposal 318, Genesee State Park Commission ’, which map is also shown as ‘ Series L-5, Section W-A, Map 1 ’
The acquisition map dated June 16, 1959, for this property, identified as “ Proposal 318 ”, was filed in the office of the Department of State on October 6, 1959 and filed and recorded in the office of the Clerk of the County of Monroe on the 13th day of October, 1959.
Said map and ‘ ‘ notice of filing and recording of appropriation papers and vesting of title ” were served personally on the claimant on November 4, 1959.
It was stipulated on the trial that the date of appropriation and vesting of title herein was October 13,1959.
The claim herein was filed on March 25, 1961 and served on the Attorney-General of the State of New York on March 27, 1961.
The fee taking herein was the entire parcel of land owned by the claimant, consisting of 4.72± acres with improvements thereon. The land taken was rectangular in shape, its northerly line having a frontage of 483 feet along Lake Ontario. Its easterly boundary had 489 feet and the westerly line, 383 feet. Its southerly boundary of 471.45 feet fronted on a private road. The property adjoined the westerly line of Hamlin Beach State Park.
The property was improved with two structures, i.e., a 12-room frame Summer cottage and a frame garage, both in good condition and used on the taking date.
This real property is 28 miles from the City of Eochester and about 2 miles from the westerly end of Lake Ontario Parkway; which ends at Hamlin Beach State Park.
The property was viewed (Court of Claims Act, § 12, subd. 4) by me on February 21, 1962 in the presence and company of authorized representatives of both parties.
The land rolled moderately. The dwelling house was situated on a low knoll which overlooked the lake and lands to the east. There were numerous trees and hushes on the grounds with a row of large Lombardy poplars extending along the westerly boundary of the property. The beach on the northerly end of *155 the property was a sandy one, about 20 feet below the bluff. There were wooden steps with handrails on each side extending from the bluff to the beach, for access thereto.
The Summer dwelling had electricity and was equipped with a well, pump and 500-gallon steel pressure tank providing an adequate supply of water. This 40-year old frame cottage of two stories had a one-story addition to the west and open porches. The building was wood shingled with an asphalt tile roof. The first floor consisted of a living room with an open fireplace, dining room, bathroom and three bedrooms with joists exposed, in addition to a maid’s room. The second floor had four bedrooms with ceilings. The garage building was approximately 18 feet by 36 feet, had an asphalt roof and sidewall shingles and two pairs of sliding doors plus two entrance doors.
The appropriated property had a high degree of privacy with a picturesque and panoramic view of the surrounding lake area. These are factors which have a bearing on the value of appropriated property.
In Keinz v. State of New York (2 A D 2d 415), the Appellate Division, Fourth Department (Nov., 1956), considered an ‘ ‘ impairment of view ’ ’ in connection with a partial appropriation for the construction of a State highway along the shore of Irondequoit Bay. The Per Curiam opinion of that unanimous court stated (p. 416) that “ The chief question presented is whether loss of view was correctly held compensable.”
At bar, we have a ‘ ‘ total taking ’ ’. The extraordinary view from claimant’s property is a factor which enhanced the value of the property. As said opinion declared (p. 417): “No appraiser could possibly isolate that factor in his mind. A ‘ willing purchaser ’ would not do so. Two properties might be physically identical, yet their value markedly different because of the surroundings.” In this “total appropriation ”, we are including the beautiful view as a reality which enhanced the value of the property. To rule otherwise would tend to emasculate the constitutional prescription of ‘1 just compensation” (N. Y. Const., art. I, § 7, subd. [a]).
At the time of the appropriation, the fair and reasonable value of the claimant’s land was $26,565 and the improvements, $12,750, making a total of $39,315.
As a result of the appropriation herein, the claimant was damaged in the sum of said $39,315, for which the claimant is entitled to judgment, with statutory interest from October 13, 1959 to April 13, 1960 and from March 25, 1961 to the date of entry of judgment herein against the State of New York.
*156 The description of the appropriated property set forth in the afore-recited “ Notice of Filing and Recording of Appropriation Papers and Vesting of Title ”, dated November 4,1959 (claimant’s Exhibit 3), is hereby adopted as though written herein verbatim.